All rise. The Illinois Appellate Court Third Division is now in session. The Honorable Justice Nathaniel L. Stoner is presiding. Please be seated. Who is calling the first case? 143415, Kiefer v. Michael Rich. Will the attorneys who are going to make argument today please approach the bench and state your name and the party you represent. Imran Ahmad, representing Mr. Michael Rich. Do me a favor. Keep your voice up. I've got some issues.  Good morning, Your Honors. Assistant State's Attorney Joseph Alexander on behalf of the people of the state of Illinois. Okay. Good morning. Not only do we have three people here, one of the panel members is unable to be here today. He is going to, of course, listen to the arguments and participate in this decision. We normally allot 30 minutes for each case. With the time being equally divided, the appellate may reserve a few minutes for rebuttal if they'd like to do that. We're going to try to stay on time because there's another case after yours. And with that, may begin. Good morning, Your Honors, and may it please the Court. My name is Imran Ahmad, and I represent Mr. Michael Rich in this matter. Mr. Rich raised three issues in his appeal. With the Court's permission, I would like to discuss the first two issues. Number one, whether an improper jury instruction denied Mr. Rich his right to a fair trial.  The prior inconsistent statement admitted as substantive evidence violated his confrontation rights. However, I'm happy to answer any questions Your Honors may have about the third issue involving prosecution. I think yours is a good choice, the first one. A defendant's right to a fair trial includes the right to have the jury fully and properly instructed on the applicable law. At Mr. Rich's trial, the jury went back for deliberations. They were given two contradictory instructions regarding the offense of felony domestic battery. One instruction properly stated the mens rea unknowingly. However, the other instruction omitted the mens rea entirely. These two contradictory instructions denied the jury the guidance it needed to properly decide this case. Was he prejudiced by this? His defense is this thing didn't happen at all. So, you know, where does his mental state have anything to do with it if that was not part of his defense? I mean, how is he prejudiced by it since he didn't object? Your Honor, his defense that he didn't do this includes the fact that he did not do this knowingly and intentionally. It's possible the jury could have found that it happened by accident during that accident. However, the mens rea is an essential element of the offense and therefore he was prejudiced by it not being included in the jury instruction. You know, you're asking the court to take this as plain error, but there were two opportunities for defense counsel to do something about this. When the issue instruction was first submitted and it didn't raise any red flags, but secondly when the jury sent back a note about this of versus or issue, I mean, you know, there the instruction clearly, you know, why should we, you know, just sort of wink at that? Absolutely. This court could also find that trial counsel is ineffective for failing to notice error. As you mentioned, he had two chances to catch it. He unfortunately wasn't able to do so and that denied Mr. Rich a fair trial. Okay. That brings up the issue that I would like to spend some time with you on this morning. If we're going on the first prong of plain error, and I think that's probably the appropriate analysis here, how can you say if we assume for a second that the statements were appropriately admitted for substantive evidence, how can you say that the evidence is not closely balanced? Your Honor, those statements were made. Or is closely balanced. Yeah. Sorry. Your Honor, those statements were made over a month after the alleged incident and included in those, included in that, with those statements was that photograph of the alleged injuries. However, there's never any foundation laid for that photograph. We do not know when it was taken and whether it has any connection at all with the incidents that Mr. Rich was charged of. Second, I think it's very important to note that the jury found Mr. Rich not guilty of aggravated assault. He was not guilty of domestic battery, predicated on strangulation. Therefore, the jury does not totally credit Ms. Porter's statement. Further, there was no medical reports to corroborate her injuries, nor was there a witness called to corroborate those injuries. And finally, the detective, oh, sorry, the police officer who responded to the 901 phone call testified that he did not observe any injuries during the second date, March 25th, nor did Ms. Porter claim that she needed medical attention or that Mr. Rich hit her or strangled her. He did note, however, that she appeared intoxicated, which is consistent with her own testimony at trial, that she was intoxicated on that day and called the police because she was angry at Mr. Rich. So, yeah, basically, we feel that this court can reach this issue under plain error or ineffective assistance of counsel. So why don't we deal then with the issue related to the statements and give us your best argument on why that was done inappropriately. Absolutely.  The confrontation rights were violated when the court allowed Ms. Porter's out-of-court statements to come in as substantive evidence, and Mr. Rich was denied the opportunity to cross-examine Ms. Porter about those statements. At trial, Ms. Porter testified regarding those statements that she did not remember the events that led to the criminal charges filed against Mr. Rich, that she did not remember what she told the assistant state's attorney when she was later interviewed over a month later, nor does she remember whether the confidence of the state. Is the confrontation clause violated when a person can't remember, or does it have to be a situation where the person is totally unabated or has some type of physical impediment to remembering? The confrontation clause is violated when the defendant is unable to cross-examine the witness about the allegations. She was cross-examined. She just had a bad memory. She wasn't cross-examined on the allegations of underlying the offense that was charged, the domestic battery strangulation, or the... The microphones for recording that amplification. I apologize. No problem. As I was saying, she wasn't cross-examined on the allegations. Therefore, she was unavailable for cross-examination in this case. And what resulted was the introduction of untested ex parte statements against Mr. Rich that ultimately resulted in his conviction. This was the state's only evidence against Mr. Rich. This was the main evidence that the state had against Mr. Rich. The state relied on this evidence in closing, stating, believe her words as she told them to the state's attorney when she spoke, in the safety and comfort of a protected place, the police station. Believe her words. Moreover, these statements were sent back to the jury during deliberations. All right. Did you want to reserve the rest of your time? I'll reserve the rest of the time for you. Thank you. Thank you. Mr. Alexander. Good morning, Your Honors. May it please the Court. Assistant State's Attorney Joseph Alexander on behalf of the people of the state of Illinois. The defendant argues that the jury instructions in this case were improper and he suffered prejudice because the jury was not instructed on the applicable mental state. First of all, this issue was forfeited because there was no objection and it wasn't raised in a post-trial motion. Who drafted the instruction? The state's attorney drafted the instruction, but the state's attorney also showed those instructions to defense counsel. There was a jury instruction conference and there was no objection. And that brings us to the second reason this is forfeited is because the defense acquiesced to that instruction. Although the defendant argues for plain error, plain error doesn't override a defendant's acquiescence. That defies all notions of fair play. This defendant said his attorney acquiesced. He didn't know anything about this stuff. Well, defendants operate through their attorneys. And to the extent that he's arguing that his attorney was ineffective for not catching the error in the issues instruction, it's our position that that claim of ineffective assistance of counsel is without merit because their defendants suffered no prejudice. And he suffered no prejudice because there was only one instruction that omitted the mental state. But the state had two chances at it. They drafted it wrong, and then when the jury sends out the question, the state's attorney is sitting there and he has to know that it doesn't match with the definitional instruction that's in there. I don't know why the state doesn't just at least own up to the fact that the instruction is wrong and it's your fault. Your Honor, we are owning up to the fact that the instruction was wrong and that we drafted those instructions. But our position is that even though that instruction was inaccurate, there was an error in that instruction, jury instructions are not viewed in isolation. We have to look at all the instructions as a whole. And in this case, the issue instructions did not include the knowing and intelligent language. However, the definition instruction included that language. Also, the state's attorney, during closing argument, argued the correct mental state of knowing or intentionally. When all of these instructions are viewed as a whole, which they have to be at this point, they were sufficient to fairly and fully and comprehensively apprise the jury of the legal principles that they had to follow. Furthermore, the court instructed the jury that they had to consider all the jury instructions. Again, this wasn't a situation where the jury instruction was considered in isolation. Defendant discusses Jenkins and Pollock. And I want to just briefly touch on those and explain why those are distinguishable because we didn't distinguish those in our brief. But defendant argued today that these instructions were contradictory. They were not contradictory. There was just an omission in one of the instructions. In Jenkins and Pollock, what happened in those cases, they were conflicting instructions. So there was confusion, possible confusion. And specifically in Pollock, the defense attorney and the state's attorney argued the wrong mental state. So that is the reason those cases are distinguishable. In this case, none of that happened as far as the arguing the wrong mental state, even though the one instruction was inaccurate. Because this issue is forfeited, the only way that it can be reviewed is if there was error, if the evidence was closely balanced, and if there was a substantial error that affected the defendant's right to a fair trial. As we can see, there was an error in the jury instruction, but the evidence in this case was not closely balanced. As we will argue in our second issue, this statement was properly admitted as substantive evidence under 11510.1. The victim's testimony at trial, if we look at the record, was totally unbelievable because it was clear that she was attempting to minimize and negate all of the incriminating aspects of this offense. She remembered certain parts of the events that occurred. For example, she remembered that all of her children were there and not just some. But any time that there was something that incriminated the defendant, she said, I don't recall. Based on that, the prosecutor was correct in arguing that the jury could consider her prior statements as substantive evidence, which is proper under 11510. Turning to that prior statement, it was proper because under 11510, 11510 allows for prior inconsistent statements when the statement is inconsistent with trial testimony, the witness is subject to cross-examination about the statement, and the statement narrates, describes, or explains the event within the witness's personal knowledge, and the witness signed that statement. There's no dispute, and the record shows that these statements narrated the events of March 6th and March 25th, 2014. The record also shows that this witness signed all of those statements. She signed each page. She even acknowledged that during her testimony. The statements were inconsistent with her trial testimony. The focus of inconsistency is the substance and character of the trial testimony compared to the prior statements. In this case, the substance of her trial testimony was essentially her attempting to escalate the defendant and not incriminate him in this offense, which is completely contradictory to what she said in those statements. And for those reasons, it was inconsistent based on the laws of the state and how inconsistency has been interpreted. While there were some consistencies, those inconsistencies were incidental details and weren't so significant as to make the entire statement inadmissible. Again, when we look at inconsistency, it's about the substance, and courts aren't required to make mathematical or quantitative analysis when they are looking for inconsistency in statements. This witness was also subject to cross-examination. It's well established in this state by this court, the Illinois Supreme Court, and in this country by the United States Supreme Court, that memory loss does not mean that a witness is unavailable. And as I've already argued, this was a case of selective memory, where she conveniently didn't recall anything that would incriminate the defendant. Furthermore, there were no confrontation clause violations, because if you look at this record, defense counsel did an extensive cross-examination of this witness, consistent with their theory that the defendant did not do it and the victim was manufacturing the story because she was angry that he had another girlfriend. Getting back to these instructions, in the definition you say they do have a mental state. Yes. But on the instruction, and, you know, juries may look at definitions differently. Some may pay a whole lot of attention. Some may not. But there's an instruction specifically dealing with the offense which omits the mental state. Does that, you know, that... Your Honor, when we look at these instructions as a whole, it properly instructs us... These are the definitions. A lot of people get definitions like instructions versus the issues instructions. Right, but the jury is instructed to read all the instructions, and we have to presume in the absence of showing that they didn't, that they did do that. So are the lawyers, okay? That's true. And then the lawyers are asked, well, here, there's a typo. Only the jury figures out that there's something wrong with the instruction. And that's a good point, Your Honor, and it actually shows that this jury read these instructions with some detail. And because they found... Including the issues instructions. Including the issues instructions. And they followed what your issues were. But what they didn't send out was a note saying we're confused about the mental state. And one of the reasons that they didn't send out that note is because the mental state was never in question. It was never in dispute here. The defendant never argued that this was accidental or inadvertent physical contact. His contention was he didn't do it, and this victim was lying because she was manufacturing the story because she was upset because he had another girlfriend. So he never put into play that this might be inadvertent. And so when we consider that combined with the entirety of the jury instructions and the fact that the jury was told during closing arguments that domestic battery required a knowing and intentional act, this jury was not confused, and the defendant has provided nothing but speculation that the jury didn't consider the proper mental state. But the speculation comes into play only because the lawyers, including the state, didn't notice that they failed to put the mental state in the issues instruction, which is not insignificant. It's not insignificant, Your Honor, and the state acknowledges its error in drafting that instruction. We will not stand here and say that and try to convince this court that there was no error. There was, but once we've established that there was error, the next question is was there prejudice? And in this case, there was no prejudice because the entirety of the instructions properly informed the jury. I believe I've hit all of my – actually, I did not hit all of my points, Your Honor. I'm sorry. I got a little off track with it going back. So we've covered that this statement was properly admitted because it was inconsistent. The victim was subject to cross-examination. Her not recalling does not mean she was not unavailable and that the statement was inconsistent. We don't need to reach the impeachment argument because this statement was entered as substantive evidence under 11510.1. If this court does want to consider that, in our brief, we laid out why what she did was affirmative damage. She was trying to essentially help defendant get off, beat this charge with her testimony, and her testimony was evasive and it was a change of position. That is damaging to the state's case. Defendant argues that the photograph was improperly admitted because there was no foundation, because she didn't testify when it was taken. That's not a requirement for the proper foundation. Furthermore, if we look at her statement, which was admitted as substantive evidence, she testifies that the March 6th incident that she had bruises in her face that were depicted in the picture. So the picture was depicting the bruises of that incident, which makes it relevant. The fact that she couldn't remember when it was taken, that goes to weight and not admissibility. And if we look at defendant's cross-examination, they attempted to capitalize on the fact that she couldn't remember when this picture was taken by arguing, questioning the detective, I believe, about when the defendant was arrested and when the statement was taken. Also, this photograph was improperly admitted because it was part of the actual statement. It was referenced in the statement. It was attached to the statement. The statement comes in under 11510.1 as substantive evidence. As far as sending the statement back to the jury, we review that. This court reviews that under abuse of discretion. There was no abuse of discretion. Again, the statement came in as substantive evidence under 11510. Again, it didn't overemphasize, sending it back didn't overemphasize the statement. And this court has said in People v. Lee, in view of the contradictions between the witness's statement and her trial testimony, it is understandable that a jury would find it valuable to review the same. In that case, this court found that it wasn't an abuse of discretion. It was a similar statement, proper under the applicable statute. It was signed, and all of those factors are present in this case. So the trial court did not err in sending it back. If this court does find error, this evidence wasn't closely balanced as we've already argued. And again, under the second prong, there was no prejudice because jury was properly instructed when the instructions are considered as a whole. And the statement itself was proper under 11510. For these reasons, if this court has no further questions, for these reasons and those stated in our brief, we ask that this court confirm defendant's conviction and sentence. Thank you. Thank you. Mr. O'Mahon. I'm just going to touch on two points that the State raised with regard to the acquiescence to the jury instruction. There's no affirmative acquiescence on behalf of the defense counsel with regards to the mistaken jury, the improper jury instruction omitted in the mens rea. Nor was there any reliance on that. How can you say that when the jury sends a note and they get to look at it again? And then the only thing that gets changed is the of and or? Seems like double acquiescence to me. The defense counsel made a mistake and was ineffective for failing to notice that. But in no sense acquiesced to it in the sense that he relied on it in the defense's case. The State provided no case law to support that fact that defense counsel fails to note a mistake in a jury instruction. Do you agree, though, with the concept raised by your colleague that plain error is not applicable if there's evidence or in the face of acquiescence to a jury instruction? Is it a basic statement of law? Yeah, I agree to that. But there's no evidence of acquiescence in this case. Secondly, with regard to the foundation for the photograph, there was no foundation to when that photograph was ever taken, so it's impossible to say whether or not it was related to the instance that Mr. Richards charged of. Moreover, that photograph went back to the jury without foundation. The jury was able to consider that photograph showing injuries during deliberations, and that was improper because it lacked foundation. If there are no further questions, we ask that this court grant Mr. Richards a new trial. Thank you. Thank you very much. Thank you. This case is well presented. It will be taken under advisement and a decision issued in due course. Stand in recess while we change panels.